# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ADONIS R. GRADY,

        Petitioner,

v.                                           Case No. 09-CV-102

ROBERT HUMPHREYS,

        Respondent.

_____

## ORDER

Petitioner Adonis R. Grady ("Grady") asks the court to grant him a writ of habeas corpus pursuant to 28 U.S.C. § 2254 due to ineffective assistance of his trial counsel. Grady was convicted of felony murder-armed robbery as a party to a crime by a jury in Milwaukee County Circuit Court. Grady now argues that he merits habeas relief because his first trial counsel failed to adequately investigate his intelligence or obtain expert witness testimony regarding the effect of Grady's borderline intelligence on the reliability of his confession. For the reasons stated below, the court will deny Grady's habeas petition.

## BACKGROUND

Grady was waived into adult court in November 2003 and charged with felony murder during the commission of an attempted armed robbery as a party to a crime. Grady's charges arose from his part in a scheme to rob a drug dealer from whom Grady had purchased marijuana earlier in the day. Grady provided a gun to two other individuals, pointed out the dealer's apartment, and then remained in a van

while his co-conspirators entered the building and killed a man inside the apartment.

Attorney Michael Backes ("Attorney Backes") was initially appointed to represent Grady. Attorney Backes continued this representation until May 2004, several weeks prior to Grady's scheduled jury trial. Grady then substituted privately-retained counsel, Attorney John Schiro ("Attorney Schiro"), and requested an adjournment of trial. However, the circuit court refused to reschedule. Shortly thereafter, Grady renewed his motion to adjourn the trial and Attorney Schiro argued that he needed time to retain an expert after discovering a report in Grady's file noting that he had verbal skills in the borderline retarded range. Attorney Schiro argued to the court that he needed an expert to test Grady and to testify about the susceptibility of a person with low intellectual functioning to suggestive police interrogation techniques and about why an innocent person may admit to something he did not do. Attorney Schiro submitted a report describing the type of testimony that an expert would give if the court permitted Attorney Schiro time to allow an expert to examine Grady and prepare for trial.

The circuit court refused to delay the trial and Grady was forced to proceed without expert testimony on the issues of false confession or his particular susceptibility to suggestion. At trial, the evidence against Grady consisted of identifications by trial witnesses and Grady's own earlier statements. Grady was identified by Loren Payne, a 13 year-old witness, and by Ryan Davis, one of Grady's accomplices. The prosecution also relied on statements given by Grady to law enforcement on the day he was arrested in which he admitted to driving the other

two men to the apartment where the attempted robbery and shooting occurred. The jury ultimately returned a guilty verdict against Grady and the circuit court sentenced him to 15 years of imprisonment and 13 years of extended supervision.

Grady filed an appeal and raised four issues, including the issue of ineffective assistance of both Attorney Backes and Attorney Schiro. Grady argued, inter alia, that Attorney Backes was ineffective for failing to pursue or recruit expert witnesses who could have testified to his low intellectual levels. Grady now presents a similar argument in his habeas petition. Grady argues that Attorney Backes failed to conduct a reasonable pretrial investigation of his intelligence or investigate possible expert witnesses to testify regarding the reliability of his statements.

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant a writ of habeas corpus to a state prisoner whose claims were adjudicated on the merits in state court. *See* 28 U.S.C. § 2254(d)(1). A habeas petitioner is only entitled to relief from a state court decision denying him post-conviction relief if that decision: 1) was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Badelle v. Correll*, 452 F.3d 648, 654 (7th Cir. 2006). A state court decision is "contrary to" clearly established federal law if it differs from relevant United States Supreme Court precedent because the decision applies a contradictory rule or reaches a different

-3-

result on materially indistinguishable facts. *Id.* A state court decision is an "unreasonable application" of federal law when the court identifies the correct governing rule from Supreme Court precedent but unreasonably applies it to the facts, or alternatively, when the court unreasonably extends a legal principle to a new context where it should not apply or unreasonably refuses to extend that principle where it should apply. *Anderson v. Cowan*, 227 F.3d 893, 896 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08).

Grady bases his petition for habeas relief on a claim for ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by the standard set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). For a habeas petitioner to succeed on his ineffective assistance of counsel claim, he must prove that: 1) his attorney's performance fell below an objective standard of reasonableness; and 2) he suffered prejudice as a result. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 688, 687-88, 693 (1984)). The reasonableness of an attorney's performance is measured under prevailing professional norms. *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001). A court's review of counsel's performance is "highly deferential" and a petitioner must overcome the presumption that an attorney's challenged act or omission may be considered sound trial strategy. *Id.* at 891. Further, even if counsel's performance was unreasonable, the petitioner must show that it prejudiced his defense. A petitioner establishes prejudice when there is a "reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694).

Grady alleges that he received ineffective assistance from Attorney Backes because Attorney Backes failed to investigate possible expert witnesses regarding the impact of Grady's intellectual functioning on the reliability of his statements to law enforcement. Attorney Backes was not Grady's counsel at the time of trial. However, Grady argues that Attorney Backes's failure to adequately prepare his case beforehand prevented his later attorney, Attorney Schiro, from being able to present expert testimony because Attorney Schiro did not have sufficient time to recruit an expert when the trial court refused to adjourn the trial date. Grady further argues that the Wisconsin Court of Appeals wrongly determined that he did not receive ineffective assistance of counsel because the court relied upon an unreasonable finding of fact and because its decision was contrary to the Supreme Court's decision in *Crane v. Kentucky*, 476 U.S. 683 (1986). The respondent argues that Grady fails to establish that the Wisconsin Court of Appeals unreasonably applied either *Strickland v. Washington* or *Crane v. Kentucky* because Grady was not prejudiced by Attorney Backes' performance and because *Crane* did not address the issue of ineffective assistance of counsel.

Grady does not merit habeas relief because he cannot demonstrate that the result of his jury trial would have been different if Attorney Backes had investigated expert witnesses regarding the effect of Grady's low intelligence on the voluntariness of his confession. Grady argues that Attorney Schiro did not have sufficient time to

-5-

obtain expert witness testimony before trial and that Attorney Backes should have pursued such testimony during his own preparations. If Attorney Backes had done so, Grady asserts, the expert testimony would have been provided to the jury at trial and explained why an innocent person may give a false confession. However, this does not show that the outcome of Grady's jury trial would have been different.

Grady provided a statement to law enforcement regarding his participation in events that lead to the robbery and shooting. Grady later claimed that this statement was a false confession and that he was not involved in the offenses. The expert witness testimony that Grady now asserts "should have" been pursued by Attorney Backes would explain why a person may give a false confession and how low intellectual functioning may lead to a false confession. Grady argues that such expert testimony was critical because the case against him did not include any physical evidence, but rather, relied upon his statement and the statements of Davis, his co-defendant, and Payne, the teenaged witness.

Even if the court accepts that expert testimony would create reasonable doubt about the veracity of Grady's own confession, Grady ignores the additional testimony implicating him in the crime. Grady was identified by both Payne and Davis. He does not explain how expert testimony regarding his own intelligence and its relation to his allegedly false confession also undermines evidence provided by two other witnesses. Thus, Grady cannot establish prejudice under the *Strickland* test and his ineffective assistance of counsel claim fails. Granting habeas relief to Grady is inappropriate because he cannot demonstrate ineffective assistance by Attorney

Backes and the Wisconsin Court of Appeals did not err in reaching the same conclusion.

Additionally, Grady fails to establish that the decision of the Wisconsin Court of Appeals regarding Attorney Backes's effectiveness was based on an unreasonable finding of fact or was contrary to Supreme Court precedent. Grady asserts that the appellate court relied on a ruling by the trial court that the trial court never made. In finding that Attorney Backes's failure to pursue expert witness testimony was not ineffective assistance, the Wisconsin Court of Appeals stated the following:

> As to the expert witness issue, the trial court later ruled that much of the testimony of an expert witness proffered by Attorney Schiro on the issue of confessions, as it related to the voluntariness of Grady's confession, would not have been allowed. This ruling was not appealed. Consequently, Attorney Backes's failure to procure a witness to discuss confessions was neither deficient performance nor did it result in prejudice because such a witness would have been severely limited in the scope of his/her testimony.

*Grady*, 2006 WI App at ¶ 15. Grady correctly asserts that the trial court never made an actual ruling on the admissibility of expert testimony. This is because Grady never offered any expert testimony at trial. Thus, the appellate court's reference to a "ruling" is technically an incorrect statement of fact. However, the court does not believe that such a mistake warrants habeas relief. The circuit court asserted that portions of the expert testimony likely would not be admissible before stating that it would not make a ruling on the issue because such a ruling would be advisory. The appellate court relied upon the circuit court's opinion that proffered expert testimony

-7-

Case 2:09-cv-00102-JPS   Filed 05/19/10   Page 7 of 11   Document 18

would be severely limited to conclude that Attorney Backes's failure to obtain such testimony was not prejudicial. The circuit court did make a statement on the issue, it just declined to make a ruling on it. Therefore, the appellate court misunderstood the procedural implications of the circuit court's statement, but not the substance of the statement.

An unreasonable determination of fact under 28 U.S.C. § 2254(d)(2) requires more than simply showing that the court committed some type of error. *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003). Instead, the habeas petitioner must point to a state court decision resting upon a determination of fact that goes against the clear weight of the evidence and renders the decision arbitrary and objectively unreasonable. *Id.* Here, the Wisconsin Court of Appeals did not make a baseless conclusion which was arbitrary and objectively unreasonable. It simply mistook a statement by the circuit court for a ruling in finding that Attorney Backes's failure to locate an expert witness did not prejudice Grady's case.

Further, Grady fails to establish that the state appellate decision was contrary to the Supreme Court's holdings in *Crane v. Kentucky*. Grady argues that he meets the criteria for habeas relief because the state appellate court's decision was contrary to the Supreme Court's statements in *Crane* regarding the admissibility of testimony about the credibility of a defendant's confession. That case involved a 16 year-old criminal defendant who was arrested for one crime, but while he was being questioned by police, began confessing to a host of other crimes. 476 U.S. at 684-85. The confession was the only evidence linking the defendant to these additional

crimes and he later moved to suppress them as involuntary. *Id.* The trial court denied the motion and found the confession to be voluntary. *Id.* at 685. The defendant argued at trial that he made a false confession and he wanted to admit evidence regarding the circumstances under which he gave the confession in order to undermine its credibility. *Id.* However, the trial court excluded the evidence after concluding that such evidence was merely related to voluntariness, a legal issue the court had already decided. *Id.* at 686. The Supreme Court found that the exclusion of evidence regarding police tactics and circumstances surrounding the defendant's confession violated the defendant's due process and confrontation clause rights to present a complete defense, and overturned the conviction. *Id.* at 691-92. The Supreme Court concluded that evidence regarding the voluntariness of a confession and evidence regarding the credibility of the confession are not mutually exclusive. *Id.* at 687. Therefore, the trial court erred in excluding evidence regarding the circumstances of the confession because the evidence also related to the credibility of the defendant's confession and was central to his claim of innocence. *Id.* at 688-89.

Grady argues that the decision of the Wisconsin Court of Appeals regarding ineffective assistance of counsel was contrary to or an unreasonable application of *Crane*'s decision regarding the violation of a defendant's right to present a defense. Grady explains that the state appellate court's decision was contrary to *Crane* because the state court premised its ineffectiveness of counsel decision upon its belief that any expert witness "would have been severely limited in the scope of

his/her testimony" because the court had already found Grady's confession to be voluntary. *Grady*, 2006 WI App at ¶ 15. Grady asserts that this premise is incorrect in light of *Crane*'s statement that evidence regarding the voluntariness of a confession and evidence regarding the credibility of a confession are not mutually exclusive. It is true that *Crane* prohibits a trial court from excluding evidence regarding the circumstances of a confession simply because the court found the confession to be voluntary as a matter of law. However, in the instant case, the trial court did not exclude expert testimony regarding false confessions. The court never made a ruling that impeded Grady's ability to present a defense or attack the credibility of his confession. The court could not exclude the testimony of an expert witness because Grady never obtained one in time for trial. The exclusion of evidence is not at issue here as it was in *Crane*. The constitutional question of a defendant's right to present a defense is not at issue here either. Therefore, the state court decision cannot be directly contrary to or an unreasonable application of the Supreme Court decision.

The court concludes that Grady does not warrant habeas relief because he cannot establish that Attorney Backes's failure to obtain an expert witness prejudiced the outcome of his jury trial. Further, Grady cannot establish that the Wisconsin Court of Appeals made an unreasonable determination of fact or that its decision was contrary to or an unreasonable application of Supreme Court precedent. Therefore, the court will deny his § 2254 petition for a writ of habeas corpus.

Because the court enters an order denying Grady's petition, it will also address the matter of a certificate of appealability. A district court must either grant or deny a certificate of appealability when it enters a final order adverse to the applicant. Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a). A habeas petitioner who seeks to appeal an unfavorable decision must first obtain a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). However, a district court may only issue a certificate of appealability to a habeas petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For the reasons discussed above, Grady fails to make a substantial showing of the denial of his right to effective assistance of counsel and the court will deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Grady's petition for a writ of habeas corpus be and the same is hereby **DENIED** and the case is **DISMISSED with prejudice**. The court also **DENIES a certificate of appealability.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-11-

Case 2:09-cv-00102-JPS    Filed 05/19/10    Page 11 of 11    Document 18