**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

ADONIS R. GRADY,

        Petitioner,

v.

                                      Case No. 09-CV-102

ROBERT HUMPHREYS,

        Respondent.

## ORDER

Petitioner Adonis R. Grady ("Grady") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the court denied. In its order, the court also denied Grady a certificate of appealability after concluding that Grady did not make a substantial showing of the denial of a constitutional right. Grady now files a motion for reconsideration of the court's denial of a certificate of appealability. For the reasons stated below, the court will deny Grady's request.

Grady moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) allows a court to relieve a party from a final judgment or order based on mistake, newly-discovered evidence, fraud, a void judgment, a satisfied judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Grady argues that Rule 60(b) relief is warranted because the court did not apply the proper standard in denying a certificate of appealability. The court denied a certificate of appealability after noting that Grady did not make a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2). Grady argues that such

a statement is insufficient because it does not address the other factors laid out by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880 (1983). Specifically, Grady argues that the court wrongly denied a certificate of appealability because the court's decision is debatable among jurists of reason and because his claim is not lacking in legal or factual support.

A district court may not grant a certificate of appealability unless the applicant makes a "substantial showing of the denial of a constitutional right." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). An applicant makes a "substantial showing" when reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented were "adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court reiterates its previous statement that Grady failed to make a substantial showing of the denial of a constitutional right. The court also states explicitly what was implied in its initial denial: Grady fails to make a substantial showing because jurists of reason would not debate this court's conclusion.

The court's determination that Grady fails to establish ineffective assistance of counsel is not reasonably debatable because Grady did not suffer prejudice arising from the performance of his initial trial attorney.[1] For a habeas petitioner to

---

[1] Grady asserts that his first trial attorney, Attorney Michael Backes, provided ineffective assistance of counsel. However, Attorney Backes ended his representation of Grady several weeks prior to Grady's jury trial and Attorney John Schiro handled the final weeks of preparation and the trial itself. Grady does not allege ineffective assistance by Attorney Schiro.

succeed on an ineffective assistance of counsel claim, he must prove that his attorney's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984)). A petitioner establishes prejudice when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Grady fails to establish the requisite prejudice.[2]

Grady asserted in his original habeas petition that he was denied effective assistance of trial counsel because his attorney failed to adequately investigate possible expert witnesses who could testify regarding the impact of Grady's low intellectual functioning on the reliability of his confession. At trial, the prosecutor pointed to Grady's initial statement to law enforcement regarding Grady's involvement in the events underlying his charge for felony murder during the commission of an attempted armed robbery as a party to a crime. Grady later claimed that his statement was a false confession and that he was not involved in the relevant events. However, as the court noted in its decision, Grady's confession was not the only evidence of his involvement presented at trial. Grady was also

---

[2]Grady argues that reasonable jurists would find this court's conclusion that Grady failed to establish prejudice debatable because the court applied "the wrong legal standard." However, in reality, Grady asserts that this court omitted the phrase "reasonable probability" from its finding that Grady could not establish that the outcome of his jury trial would have been different but for trial counsel's errors after the court cited the correct standard for prejudice. Omission of the phrase was merely an oversight and does not undermine the court's reasoning or conclusion.

-3-

implicated by the testimony of two witnesses, one of whom was an uninvolved neighbor, and one of whom was Grady's accomplice. Therefore, even if Grady's trial counsel had obtained an expert witness to testify regarding Grady's low intellectual functioning and its potential impact on his confession, Grady still had to overcome the testimony of two witnesses. Grady argues that the witness testimony was "riddled with inconsistencies" and that the testimony of Grady's accomplice is inherently untrustworthy because he received a sentence reduction for his cooperation. However, the jury seemingly accepted and believed the witness testimony offered at trial. Further, regardless of whether Grady provided expert witness testimony, the jury would still know that Grady initially confessed to involvement in the crimes and would know the content of his statements. Thus, a reasonable jurist would not find it reasonably probable that a jury hearing expert witness testimony regarding the impact of Grady's low intelligence level on the reliability of his confession would return a "not guilty" verdict.

Grady cannot make a substantial showing that he was denied his Sixth Amendment right to effective assistance of counsel for the reasons noted above. Thus, the court appropriately denied a certificate of appealability. However, Grady also alleges that this court's AEDPA determination is reasonably debatable, so the court will address these arguments as well. Jurists of reason would not debate this court's finding that the state court decision denying Grady post-conviction relief was not contrary to or an unreasonable application of United States Supreme Court precedent, or that the decision did not rely upon an unreasonable determination of

the facts in light of the evidence presented. A state court decision is "contrary to" clearly established federal law if it differs from relevant United States Supreme Court precedent because the decision applies a contradictory rule or reaches a different result on materially indistinguishable facts. *Id.* A state court decision is an "unreasonable application" of federal law when the court identifies the correct governing rule from Supreme Court precedent but unreasonably applies it to the facts, or alternatively, when the court unreasonably extends a legal principle to a new context where it should not apply or unreasonably refuses to extend that principle where it should apply. *Anderson v. Cowan*, 227 F.3d 893, 896 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08).

The Wisconsin Court of Appeals found that Attorney Backes did not provide ineffective assistance of counsel and noted that the trial court made a "ruling" that expert witness testimony regarding the voluntariness of Grady's confession was likely to be severely limited in scope. This statement was technically incorrect because no expert witness testimony was ever offered at trial. Thus, the state trial court's statements regarding the admissibility of such testimony was not a ruling. A simple showing of error by the state court is not sufficient, however. The fact that the Wisconsin Court of Appeals referred to the trial court's statement as a "ruling" does not render its conclusion that Attorney Backes was not ineffective either arbitrary or objectively unreasonable.

Finally, contrary to Grady's assertions, the state court's decision was not contrary to the Supreme Court's decision in *Crane v. Kentucky*, 476 U.S. 683 (1986).

-5-

Case 2:09-cv-00102-JPS   Filed 06/18/10   Page 5 of 6   Document 30

the facts in light of the evidence presented. A state court decision is "contrary to" clearly established federal law if it differs from relevant United States Supreme Court precedent because the decision applies a contradictory rule or reaches a different result on materially indistinguishable facts. *Id.* A state court decision is an "unreasonable application" of federal law when the court identifies the correct governing rule from Supreme Court precedent but unreasonably applies it to the facts, or alternatively, when the court unreasonably extends a legal principle to a new context where it should not apply or unreasonably refuses to extend that principle where it should apply. *Anderson v. Cowan*, 227 F.3d 893, 896 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08).

The Wisconsin Court of Appeals found that Attorney Backes did not provide ineffective assistance of counsel and noted that the trial court made a "ruling" that expert witness testimony regarding the voluntariness of Grady's confession was likely to be severely limited in scope. This statement was technically incorrect because no expert witness testimony was ever offered at trial. Thus, the state trial court's statements regarding the admissibility of such testimony was not a ruling. A simple showing of error by the state court is not sufficient, however. The fact that the Wisconsin Court of Appeals referred to the trial court's statement as a "ruling" does not render its conclusion that Attorney Backes was not ineffective either arbitrary or objectively unreasonable.

Finally, contrary to Grady's assertions, the state court's decision was not contrary to the Supreme Court's decision in *Crane v. Kentucky*, 476 U.S. 683 (1986).

In *Crane*, the Court held that evidence regarding the voluntariness of a confession and evidence regarding the credibility of a confession are not mutually exclusive. *Id*. at 688-89. However, the *Crane* case involved the exclusion of expert witness testimony and the resulting impact on the defendant's right to present a defense, a question which was not at issue in Grady's trial because he never obtained an expert witness or attempted to present expert witness testimony at trial. Thus, no reasonable jurist would conclude that the state court contradicted or unreasonably applied *Crane*.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to reconsider the court's denial of a certificate of appealability (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge